UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA ALTOONIAN,

                     Plaintiff,

v.

MCGRADY, et al.,

                     Defendants.

Case No. 25-12046
Honorable Shalina D. Kumar
Magistrate David R. Grand

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

**I.    Introduction**

Before the Court is Michigan prisoner Donna Altoonian's ("Altoonian") pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983. In her complaint, Altoonian asserts that a prison counselor at the Huron Valley Women's Complex failed to protect her from an assault by a fellow prisoner, and that prison employees and a hospital nurse failed to report the assault to the police. She names prisoner counselor McGrady, Warden Jeremy Howard, Inspector Zwolensky, and nurses Melissa Armstrong and Brandi Beck as defendants, and sues them in their personal and official capacities. Altoonian seeks to compel the defendants to report the assault to police and requests money damages. ECF No. 1. The Court has granted

her leave to proceed without prepayment of the filing fee for this case. ECF No. 5.

For the reasons stated herein, the Court concludes that the complaint is subject to partial summary dismissal.

## II.  Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a prisoner complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well

2

as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. The United States Supreme Court has explained that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted). The standard of Federal Rule of Civil Procedure 12(b)(6) applies in determining whether a dismissal is warranted under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010).

3

To state a civil rights claim under § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986).

### A.    Complaint against Defendant Armstrong

Altoonian's complaint against defendant Armstrong must be dismissed. As alleged in the complaint, defendant Armstrong is a nurse at Trinity Health St. Joseph Mercy Hospital. Consequently, she is likely not a "state actor" subject to suit under § 1983. *See Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009) (hospital oncologist who treated prisoner was not a state actor because there was no contractual relationship between the doctor and the State); *Styles v. McGinnis*, 28 F. App'x 362, 364 (6th Cir. 2001) (emergency room physician who treated prisoner was not a state actor); *accord Rodriguez v. Plymouth Ambulance Svs.*, 577 F.3d 816, 827-828, 831 (7th Cir. 2009). "Private parties do not automatically become state

4

actors simply by caring for prisoners." *Phillips v. Tangilag*, 14 F.4th 524, 533 (6th Cir. 2021) (discussing standards).

Altoonian alleges no facts which indicate that the Michigan Department of Corrections ("MDOC") contracts with the hospital or defendant Armstrong, or that the MDOC otherwise had any influence over the care that she received at the hospital due to her prisoner status. The "mere fact that a hospital is licensed by the State is insufficient to transform it [or one of its employees] into a state actor for purposes of § 1983." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Because Altoonian fails to demonstrate that defendant Armstrong is a state actor subject to suit under § 1983, her complaint against defendant Armstrong must be dismissed.

### B.     Complaint against Defendant Howard

Next, Altoonian's complaint against defendant Howard must be dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983, and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-692 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Here, Altoonian

5

does not allege the personal involvement of defendant Howard in any of the events giving rise to the complaint. In fact, she does not even mention Howard in the body of her complaint. Altoonian thus fails to state a claim upon which relief may be granted under § 1983 against defendant Howard in her complaint.

Nonetheless, to the extent that Altoonian's complaint against defendant Howard is based upon supervisory liability, the failure to intervene, and/or the failure to respond to the situation, it must be dismissed. The failure to intervene or to investigate another person's alleged improper conduct "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, an official's failure to act or investigate does not constitute personal involvement in the underlying misconduct. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) ("[A] mere failure to act will not suffice to establish supervisory liability.") (citations omitted); *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992).

Even if a plaintiff can establish an underlying constitutional violation, a § 1983 claim against a supervisory official fails unless "'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802-803 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)). Altoonian makes no such factual allegations against defendant Howard. She also does not allege any facts which show that her injury is the result of a prison policy or custom, or that any improper conduct arose from defendant Howard's deliberate failure to adequately train or regulate employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Altoonian's complaint against defendant Howard must be dismissed.

**C.     Failure to Report Assault Claim**

Altoonian alleges that her rights were violated because defendants McGrady, Swolensky, Armstrong, and Beck (and perhaps Howard) failed to report the assault to the police so as to initiate criminal proceedings against

7

her assailant. This claim must be dismissed. First, to the extent that Altoonian alleges that the defendants violated prison or MDOC policies and/or Michigan law, Section 1983 provides a remedy for violations of federal law, not prison policy or state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007). Alleged violations of prison or MDOC policy or Michigan law do not rise to the level of a violation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 581 n. 2; *Smith v. Freland*, 954 F.2d 343, 347-348 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the Directive does not create a liberty interest protected by the Fourteenth Amendment's Due Process Clause); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation"). Any

assertion that the defendants violated prison or MDOC policies or Michigan law fails to state a claim upon which relief may be granted under § 1983.

Second, Plaintiff fails to state a viable federal claim as to this issue. A private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another. *Id*. at 64–65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See, e.g., White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."); *see also Jones v. Washington*, No. 2:22-CV-11843, 2023 WL 1112495, *3 (E.D. Mich. Jan. 30, 2023) (citing *White, supra*, and dismissing similar claims).

9

Altoonian thus has no federal or constitutional right to require that prison officials or hospital employees report the assault to the police, or otherwise initiate a criminal investigation of the incident. *See Harris v. Lengel*, No. 09-15002. 2013 WL 1303379, *3 (E.D. Mich. Feb. 8. 2013) (magistrate judge's report recommending dismissal of female prisoner's claims against prison inspector for failing to initiate a criminal investigation and bring criminal charges against fellow prisoner who had attacked her), adopted in relevant part, 2013 WL 1285894, *6 (E.D. Mich. Mar. 28, 2013); *see also Perdue v. Ohio State Highway Patrol*, No. 1:14-CV-967, 2015 WL 457789, *3 (S.D. Ohio Feb. 3, 2015); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court…has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence.").

Moreover, this Court lacks the authority to compel state (or even federal) officials to bring criminal charges because such authority lies with the executive branch of the state (or federal) government, not the judiciary. *See, e.g., Wortman v. Board of Parole*, No. 20-5718, 2021 WL 9528123, *2 (6th Cir. Sept. 23, 2021) (ruling that district court lacked jurisdiction to

10

initiate criminal investigation at Tennessee prisoner's request, and prisoner lacked authority to compel criminal investigation or prosecution of private citizens, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *O'Connor v. Doe*, No. CV 22-3075 (UNA), 2023 WL 1963922, *1 (D. D.C. Feb. 10, 2023) (citing cases and denying relief). Plaintiff fails to state a claim upon which relief may be granted under § 1983 against the defendants as to their alleged failure to report the assault to the police or to otherwise initiate criminal proceedings against her assailant.

### D.    Failure to Protect Claim against Defendant McGrady

Altoonian's remaining claim alleges that defendant McGrady failed to protect her from assault by a fellow prisoner. The Court finds that she states a potential claim for relief against defendant McGrady under § 1983 as to this issue. While Altoonian may or not prevail on this claim, she states sufficient facts to warrant further review by the Court.

### III.    Conclusion

For the reasons discussed above, the Court concludes that defendant Armstrong is not a state actor subject to suit under § 1983, that Altoonian fails to state a claim upon which relief may be granted under § 1983 against defendant Howard, and that she fails to state a claim upon which

11

relief may be granted under § 1983 against defendants McGrady, Zwolensky, Armstrong (if she is state actor), and Beck concerning their alleged failure to report the assault to the police. Accordingly, the Court **DISMISSES** defendants Armstrong, Howard, Zwolensky, and Beck, and the failure-to-report claim, from this case.

Lastly, the Court concludes that Altoonian states a potential claim for relief against defendant McGrady concerning the alleged failure to protect her from assault by a fellow prisoner which survives the Court's initial screening process and is not subject to summary dismissal.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: July 23, 2025